A. John Pate (Utah Bar No. 6303)
jpate@patebaird.com
Gordon K. Hill (Utah Bar No. 9361)
ghill@patebaird.com
PATE BAIRD, PLLC
36 West Fireclay Avenue
Salt Lake City, Utah 84107

*Attorneys for Plaintiff*
*ESIP Series 1, LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ESIP SERIES 1, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN JING XIN TAI HOUSEWARE CO., LTD., a Chinese Company, and DOE COMPANIES 1-10,<br><br>Defendants. | Case No. 2:16-CV-0178-CW<br><br><br>**COMPLAINT**<br><br><br>Judge Clark Waddoups |

Plaintiff, ESIP Series 1, LLC (hereinafter "ESIP"), hereby files this Complaint against Defendants, Shenzhen Jing Xin Tai Houseware Co., Ltd. (hereinafter "Shenzhen JX"), and Doe Companies 1-10 (hereinafter "Doe Companies") (hereinafter collectively "Defendants") and alleges as follows:

### THE PARTIES

1.  ESIP is a limited liability company duly organized and existing under the laws of the State of Utah and has a principal place of business located at 14008 West Highway 56, Cedar City, Utah 84720.

2.      Upon information and belief, Shenzhen Jing Xin Tai Houseware Co., Ltd. is a company duly organized and existing under the laws of China and has a principal place of business located at Room 442-445, Mingyou Industry, Product Exhibition Center, Bao'yuan 168 Rd, Xixiang, Bao'an District, Shenzhen, China.

3.      Upon information and belief, Doe Companies are business entities that are importing, making, using, selling, or offering to sell certain Shenzhen diffuser products (described *infra*) in the United States, including without limitation, business entities that obtain those diffusers directly or indirectly from Shenzhen.  Doe Companies may be identified during discovery and the Complaint may be appropriately amended to include such Doe Companies.

### JURISDICTION AND VENUE

4.      This is a civil action for patent infringement arising under the patent laws of the United States, including but not limited to 35 U.S.C. §271, *et seq*.

5.      This is also a civil action for unfair competition pursuant to the laws of the State of Utah, including but not limited to Utah Code Ann. §13-5a-101, *et seq*.

6.      This court has subject matter jurisdiction over ESIP's patent infringement and unfair competition claims pursuant to 28 U.S.C. §§1331, 1338(a), and 1367.

7.      Upon information and belief, this court has personal jurisdiction over Shenzhen pursuant to, at least, Utah Code Ann. §§78B-3-201 and 78B-3-205(1).  Upon information and belief, Shenzhen is subject to general jurisdiction in this judicial district because Shenzhen has an ongoing and continuous business relationship with Utah companies, including at least Young Living Essential Oils, LC.  Upon information and belief, Shenzhen has sufficient minimum contacts with Utah to support specific jurisdiction

based at least in part because Shenzhen has transacted business in the State of Utah, including but not limited to, selling, offering to sell, or distributing the accused diffuser products accused of patent infringement in this district.

8.   Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§1391(b)(2), 1391(b)(3), 1391(c) and 1400(b).

## FACTUAL BACKGROUND

9.   ESIP is a leader in the field of atomizers, especially as related to atomizers or diffusers (or nebulizing diffusers) for use with essential oils and aroma therapy.

10.   ESIP manufacturers, markets, and sells atomizing diffusers for use with essential oils and aroma therapy through its authorized licensees: ES Innovations, Inc. (hereinafter "ES Innovations") manufactures atomizing diffusers; and Diffuser World, Inc. (hereinafter "Diffuser World") markets and sells atomizing diffusers.

11.   ESIP achieved its position as a market leader based in part on its determination to innovate and its substantial investment in research and development of quality products manufactured in the United States.

12.   Many of ESIP's technological innovations are protected, *inter alia*, by a portfolio of patents, trademarks, and copyrights.

13.   ESIP is the owner of United States Patent No. 7,878,418 for INTEGRATED, ESSENTIAL-OIL ATOMIZER issued to Early [sic] Vaughn Sevy on February 1, 2011 (hereinafter "`418 Patent").  A copy of the `418 Patent is attached hereto as Exhibit A.

14.   In general, the `418 Patent covers atomizers or diffusers.

15.   ESIP's atomizing diffuser product sold by Diffuser World, AROMA-ACE™, is marked with the `418 Patent.

16. Upon information and belief, Shenzhen JX makes, uses, sells, offers to sell, and/or imports into the United States an atomizer that Shenzhen JX describes as the "LM-S1" (hereinafter "LM-S1 Diffuser").

17. Upon information and belief, Shenzhen JX distributes the LM-S1 Diffuser using the Lemoworld trade name.

18. Upon information and belief, an excerpt of a catalog from Shenzhen JX showing Shenzhen JX offering to sell the LM-S1 Diffuser is attached hereto as Exhibit B. *See*, Exhibit B, p. 3.

19. Upon information and belief, Shenzhen JX makes, uses, sells, offers to sell, and/or imports into the United States an atomizer that Shenzhen JX describes as the "LM-S8" (hereinafter "LM-S8 Diffuser").

20. Upon information and belief, Shenzhen JX distributes the LM-S8 Diffuser using the Lemoworld trade name.

21. Upon information and belief, an excerpt of a catalog from Shenzhen JX showing Shenzhen JX offering to sell the LM-S8 Diffuser is attached hereto as Exhibit B. *See*, Exhibit B, p. 5.

22. Upon information and belief, Shenzhen JX makes, uses, sells, offers to sell, and/or imports into the United States an atomizer that Shenzhen JX describes as the "LM-C1" (hereinafter "LM-C1 Diffuser") (hereinafter LM-S1 Diffuser and LM-S8 Diffuser and LM-C1 Diffuser collectively "Accused Diffusers").

23. Upon information and belief, Shenzhen JX was aware of Diffuser World's AROMA-ACE™ product, at least prior to the filing of the Complaint in this case.

24. Upon information and belief, Shenzhen JX had actual notice of the `418 Patent prior to the filing of the Complaint in this case.

25. Upon information and belief, Shenzhen JX distributes the Accused Diffusers to multiple companies in the United States.

26. Upon information and belief, Shenzhen JX owns the website using the URL www.lemoworld.com.

27. Upon information and belief, the LM-S1 Diffuser as made, sold or offered for sale by Shenzhen JX infringes at least one claim in the `418 Patent, including but not limited to, by direct infringement, by contributory infringement, and/or by induced infringement.

28. Upon information and belief, Shenzhen JX has and continues to infringe the `418 Patent by making, using, selling, offering to sell and importing into the United States the LM-S1 Diffuser, which embodies or uses the inventions claimed in the `418 Patent.

29. The LM-S1 Diffuser includes a pump that pumps air and an electronic controller that can control the pump.

30. The LM-S1 Diffuser pumps air through an eductor, which entrains droplets of an essential oil into the air flow.

31. The LM-S1 Diffuser includes a separating chamber and a separating plate that separates larger droplets from smaller droplets in a manner that lets the smaller droplets escape the separating chamber and retains the larger droplets.

32. Upon information and belief, Shenzhen JX has been and is inducing infringement of the `418 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import into the United States the LM-S1 Diffuser, which embodies or uses the inventions claimed in the `418 Patent.

33.  Shenzhen JX was aware of the AROMA-ACE™ diffuser, and knew about the `418 Patent, before the LM-S1 Diffuser was designed, made, imported, sold or offered for sale in the United States by Shenzhen JX.

34.  Shenzhen JX knew the LM-S1 Diffuser would compete with the AROMA-ACE™ diffuser.

35.  The structure of the LM-S1 Diffuser, including the similar structures when compared with the AROMA-ACE™ diffuser, indicates that Shenzhen JX knew about the AROMA-ACE™ diffuser and the `418 Patent before Shenzhen JX designed, made, imported, sold or offered to sell the LM-S1 Diffuser in the United States.

36.  The structure of the atomizer unit in the LM-S1 Diffuser, including at least its configuration with a bottle of essential oil, is virtually identical to the atomizer unit described in Figures 1, 3, 7, and 8 of the `418 Patent.

37.  The structure of the separator plate, or cyclonic aspirator, in the LM-S1 Diffuser is virtually identical to the separator plate, or cyclonic aspirator, in the AROMA-ACE™ diffuser.

38.  The structure of the LM-S1 Diffuser indicates that Shenzhen JX intends users to use the LM-S1 Diffuser in a manner that infringes the `418 Patent.  Shenzhen JX also knew that such use would constitute infringement of the `418 Patent.

39.  Upon information and belief, Shenzhen JX has been and is continuing to contributorily infringe the `418 Patent by selling or offering to sell the LM-S1 Diffuser knowing it to be especially made or specially adapted for practicing the invention of the `418 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

6

40. The LM-S1 Diffuser has one substantial use, diffusing essential oils into the surrounding environment.

41. Shenzhen JX knew the LM-S1 Diffuser would compete with the AROMA-ACE™ diffuser. Shenzhen JX knew the LM-S1 Diffuser to be especially made for a use that is both patented and infringing.

42. Upon information and belief, Shenzhen JX has known of the existence of the `418 Patent, and its acts of infringement have been willful and in disregard for the `418 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

43. Upon information and belief, the LM-S8 Diffuser as made, sold or offered for sale by Shenzhen JX infringes at least one claim in the `418 Patent, including but not limited to, by direct infringement, by contributory infringement, and/or by induced infringement.

44. Upon information and belief, Shenzhen JX has and continues to infringe the `418 Patent by making, using, selling, offering to sell and importing into the United States the LM-S8 Diffuser, which embodies or uses the inventions claimed in the `418 Patent.

45. The LM-S8 Diffuser includes a pump that pumps air and an electronic controller that can control the pump.

46. The LM-S8 Diffuser pumps air through an eductor, which entrains droplets of an essential oil into the air flow.

47. The LM-S8 Diffuser includes a separating chamber and a separating plate that separates larger droplets from smaller droplets in a manner that lets the smaller droplets escape the separating chamber and retains the larger droplets.

48. Upon information and belief, Shenzhen JX has been and is inducing infringement of the `418 Patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import into the United States the LM-S8 Diffuser, which embodies or uses the inventions claimed in the `418 Patent.

49. Shenzhen JX was aware of the AROMA-ACE™ diffuser, and knew about the `418 Patent, before the LM-S8 Diffuser was designed, made, imported, sold or offered for sale in the United States by Shenzhen JX.

50. Shenzhen JX knew the LM-S8 Diffuser would compete with the AROMA-ACE™ diffuser.

51. The structure of the LM-S8 Diffuser, including the similar structures when compared with the AROMA-ACE™ diffuser, indicates that Shenzhen JX knew about the AROMA-ACE™ diffuser and the `418 Patent before Shenzhen JX designed, made, imported, sold or offered to sell the LM-S8 Diffuser in the United States.

52. The structure of the atomizer unit in the LM-S8 Diffuser, including at least its configuration with a bottle of essential oil, is virtually identical to the atomizer unit described in Figures 1, 3, 7, and 8 of the `418 Patent.

53. The structure of the separator plate, or cyclonic aspirator, in the LM-S8 Diffuser is virtually identical to the separator plate, or cyclonic aspirator, in the AROMA-ACE™ diffuser.

54. The structure of the LM-S8 Diffuser indicates that Shenzhen JX intends users to use the LM-S8 Diffuser in a manner that infringes the `418 Patent.  Shenzhen JX also knew that such use would constitute infringement of the `418 Patent.

55. Upon information and belief, Shenzhen JX has been and is continuing to contributorily infringe the `418 Patent by selling or offering to sell the LM-S8 Diffuser knowing it to be especially made or specially adapted for practicing the invention of the `418 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

56. The LM-S8 Diffuser has one substantial use, diffusing essential oils into the surrounding environment.

57. Shenzhen JX knew the LM-S8 Diffuser would compete with the AROMA-ACE™ diffuser.  Shenzhen JX knew the LM-S8 Diffuser to be especially made for a use that is both patented and infringing.

58. Upon information and belief, Shenzhen JX has known of the existence of the `418 Patent, and its acts of infringement have been willful and in disregard for the `418 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

59. A copy of the front page of Shenzhen JX's website, www.lemoworld.com, is attached hereto as Exhibit C.

60. Shenzhen JX's website states "we just only produce Ultrasonic Aroma Diffusers."

**FIRST CAUSE OF ACTION**
**(Patent Infringement – The `418 Patent)**

61. The allegations of Paragraphs 1 - 60 are incorporated herein by reference as if fully set forth herein.

62. Upon information and belief, Shenzhen JX has been and is infringing the `418 Patent by making, using, selling, offering to sell, or importing into the United States, including within this judicial district, the LM-S1 Diffuser, in violation of 35 U.S.C. §271(a).

63. Upon information and belief, the LM-S1 Diffuser infringes at least one claim in the `418 Patent, including without limitation claims 1 and 14 of the `418 Patent.

64. Upon information and belief, Shenzhen JX has been and is contributing to the infringement of and inducing the infringement of the `418 Patent by making, using, selling, offering to sell, or importing into the United States, including within this judicial district, the LM-S1 Diffuser, in violation of at least 35 U.S.C. §§ 271 and 281.

65. Upon information and belief, Shenzhen JX's actions have been, and continue to be knowing, intentional, willful and deliberate.

66. Shenzhen JX's acts of infringement of the `418 Patent have caused and will continue to cause ESIP damages for which ESIP is entitled to compensation pursuant to 35 U.S.C. §284.

67. Shenzhen JX's acts of infringement of the `418 Patent have caused and will continue to cause ESIP immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. §283.  ESIP has no adequate remedy at law.

68. This case is exceptional and, therefore, ESIP is entitled to an award of attorneys' fees pursuant to 35 U.S.C. §285.

69. By reason of the foregoing, ESIP is entitled to injunctive and monetary relief against Shenzhen JX pursuant to at least 35 U.S.C. §§ 284 and 285.

**SECOND CAUSE OF ACTION**
**(Patent Infringement – The `418 Patent)**

70. The allegations of Paragraphs 1 - 69 are incorporated herein by reference as if fully set forth herein.

71. Upon information and belief, Shenzhen JX has been and is infringing the `418 Patent by making, using, selling, offering to sell, or importing into the United States, including within this judicial district, the LM-S8 Diffuser, in violation of 35 U.S.C. §271(a).

72. Upon information and belief, the LM-S8 Diffuser infringes at least one claim in the `418 Patent, including without limitation claims 1 and 14 of the `418 Patent.

73. Upon information and belief, Shenzhen JX has been and is contributing to the infringement of and inducing the infringement of the `418 Patent by making, using, selling, offering to sell, or importing into the United States, including within this judicial district, the LM-S8 Diffuser, in violation of at least 35 U.S.C. §§ 271 and 281.

74. Upon information and belief, Shenzhen JX's actions have been, and continue to be knowing, intentional, willful and deliberate.

75. Shenzhen JX's acts of infringement of the `418 Patent have caused and will continue to cause ESIP damages for which ESIP is entitled to compensation pursuant to 35 U.S.C. §284.

76. Shenzhen JX's acts of infringement of the `418 Patent have caused and will continue to cause ESIP immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. §283.  ESIP has no adequate remedy at law.

77. This case is exceptional and, therefore, ESIP is entitled to an award of attorneys' fees pursuant to 35 U.S.C. §285.

78. By reason of the foregoing, ESIP is entitled to injunctive and monetary relief against Shenzhen JX pursuant to at least 35 U.S.C. §§ 284 and 285.

**THIRD CAUSE OF ACTION**
**(Unfair Competition)**

79.   The allegations of Paragraphs 1 - 78 are incorporated herein by reference as if fully set forth herein.

80.   Upon information and belief, Shenzhen JX has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent and that have caused a material diminution in the value of ESIP's `418 Patent in violation of, *inter alia*, Utah Code Ann. §§ 13-5a-102(4) and 103(1).

81.   Upon information and belief, Shenzhen JX is engaging in conduct that gives rise to a cause of action for unfair competition and related wrongs under the statutory and common laws of the State of Utah and other states, including at least the Utah Code Ann. §§ 13-5a-101, *et seq*.

82.   Upon information and belief, ESIP has suffered actual damages and irreparable harm.

83.   By reason of the foregoing, ESIP is entitled to actual and punitive damages from Shenzhen JX, including attorneys' fees, expenses and costs, pursuant to at least Utah Code Ann. §§ 13-5a-103(1)(b).

**FOURTH CAUSE OF ACTION**
**(False Advertising)**

84.   The allegations of Paragraphs 1 - 83 are incorporated herein by reference as if fully set forth herein.

85.   Upon information and belief, Shenzhen JX has engaged in the dissemination of false advertisements in commerce for the purpose of inducing the purchase of diffuser products in violation of, *inter alia*, 15 U.S.C. §52.

86. Upon information and belief, Shenzhen JX's website includes a statement that Shenzhen JX "only produce[s] Ultrasonic Aroma Diffusers."

87. Upon information and belief, Shenzhen JX atomizing diffusers, or nebulizing diffusers, in addition to ultrasonic diffusers.

88. Upon information and belief, Shenzhen JX's actions were intentionally misleading.

89. Upon information and belief, ESIP has suffered actual damages and irreparable harm

## PRAYER FOR RELIEF

Wherefore, ESIP prays that:

A. The claims of the `418 Patent be adjudged and declared valid and enforceable;

B. Shenzhen JX be adjudged and declared to have infringed at least one claim of the `418 Patent, whether by direct infringement, contributory infringement, and/or inducement to infringe;

C. The LM-S1 Diffuser be adjudged and declared to infringe at least one claim of the `418 Patent, whether by direct infringement, contributory infringement, and/or inducement to infringe;

D. The LM-S8 Diffuser be adjudged and declared to infringe at least one claim of the `418 Patent, whether by direct infringement, contributory infringement, and/or inducement to infringe;

E. Shenzhen JX be adjudged and declared to have committed unfair competition;

F. Shenzhen JX be adjudged and declared to have committed false advertising;

G. Shenzhen JX and its agents, sales representatives, distributors, employees, members, attorneys, affiliates, subsidiaries, successors, and assigns, and any and all persons

acting with, through, under or in active concert or participation with any or all of them, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing any patent claims in the `418 Patent;

H.   Judgment be entered that Shenzhen JX be required to provide an accounting and pay over to ESIP all damages sustained by ESIP due to such patent infringement and that such damages be trebled pursuant to 35 U.S.C. §284 for the willful acts of infringement alleged herein;

I.   This case be adjudged and declared exceptional pursuant to 35 U.S.C. §285 and ESIP be awarded its costs and reasonable attorneys' fees in bringing this action;

J.   Shenzhen JX be required to file with the Court within thirty (30) days after entry of final judgment of this case a written statement under oath setting forth the manner in which Shenzhen JX has complied with the final judgment;

K.   ESIP be awarded its costs and prejudgment interests on all damages awarded;

L.   ESIP be awarded its reasonable attorneys' fees; and

M.   ESIP be awarded such further and other relief as the court deems just and proper.

   ESIP demands trial by jury on all claims and issues so triable.

DATED: March 4, 2016.

   /s/ Gordon K. Hill
   Gordon K. Hill
   A. John Pate
   PATE BAIRD

   Attorneys for Plaintiff
   ESIP Series 1, LLC